**[Cite as *State v. Coffman*, 2020-Ohio-6855.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29720 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM L. COFFMAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 18 09 3097 |

DECISION AND JOURNAL ENTRY

Dated: December 23, 2020

CARR, Presiding Judge.

{¶1} Appellant, William Coffman, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} On October 1, 2018, the Summit County Grand Jury indicted Coffman on one count of aggravated robbery with an attendant firearm specification. Coffman initially pleaded not guilty to the charges at arraignment.

{¶3} Thereafter, Coffman entered a plea of not guilty by reason of insanity. Coffman requested an evaluation of his mental condition and competency to stand trial. The trial court ordered an evaluation. After receiving the report, the trial court determined that Coffman was not capable of understanding the nature of the proceedings against him and assisting in his defense. Accordingly, the trial court ordered Coffman to undergo treatment at Northcoast Behavioral Healthcare System ("Northcoast").

{¶4} Approximately one year later, Dr. Susan Hatters-Freedman from Northcoast filed a written report indicating that there was not a substantial probability that Coffman would become capable of standing trial. The parties stipulated to the report. The trial court issued a journal entry finding that based on the report, the evidence before the court, and the stipulation of the parties, there was not a substantial probability that Coffman would become capable of understanding the nature and objective of the proceedings against him or become capable of assisting in his defense. After the parties appeared for a hearing, the trial court took Coffman's future commitment under advisement. Both parties filed briefs on the matter. On April 3, 2020, the trial court issued a journal entry making numerous findings and concluding that it would maintain jurisdiction over Coffman for 14 years.

{¶5} On appeal, Coffman raises three assignments of error. This Court rearranges those assignments of error to facilitate appellate review.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT VIOLATED DEFENDANT'S RIGHTS TO DUE PROCESS WHEN IT FOUND UNDER R.C. 2945.39(A)(2)(a) THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT COMMITTED THE OFFENSES WITH WHICH HE WAS CHARGED, WITHOUT GIVING HIM AN OPPORTUNITY TO CONFRONT THE EVIDENCE, OR BE HEARD AS TO THAT ISSUE.

{¶6} In his second assignment of error, Coffman contends that the trial court violated his due process rights when it determined that he committed the charged offenses without giving him an opportunity to be heard on that issue. This Court agrees.

{¶7} "In certain instances, R.C. 2945.39 authorizes a trial court to retain jurisdiction over an incompetent defendant and commit him to the care of a treatment facility." *State v. Weaver*,

9th Dist. Medina No. 17CA0092-M, 2018-Ohio-2998, ¶ 9.  R.C. 2945.39(A)(2) provides as follows:

> On the motion of the prosecutor or on its own motion, the court may retain jurisdiction over the defendant if, at a hearing, the court finds both of the following by clear and convincing evidence:
>
> (a) The defendant committed the offense with which the defendant is charged.
>
> (b) The defendant is a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order.

**{¶8}** "Clear and convincing evidence is that measure or degree or proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).  "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990).

**{¶9}** Coffman was charged with aggravated robbery in violation of R.C. 2911.01(A)(1), which states, "[n]o person, in attempting or committing a theft offense, * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."  The aggravated robbery charge against Coffman contained a firearm specification pursuant to R.C. 2941.145.

**{¶10}** Coffman argues that the trial court violated his due process rights when it found that there was clear and convincing evidence that he committed aggravated robbery without holding a hearing or giving him an opportunity to be heard on the issue.  The State maintains that Coffman did not contest whether there was clear and convincing evidence that he committed the charged offense and that, instead of asserting his right to an evidentiary hearing, he assented to the trial court's order to file briefs on the issue of his confinement.

{¶11} A review of the record reveals that on December 30, 2019, the parties appeared before the trial court and stipulated to the contents and findings of Dr. Hatters-Freedman's report as to his competency to stand trial. The trial court noted that there were "two different avenues" in which to proceed in light of the joint stipulation. The first option involved filing an affidavit to invoke the jurisdiction of the probate court pursuant to R.C. 2945.39(A)(1). The second option involved the trial court retaining jurisdiction and making the requisite findings pursuant to R.C. 2945.39(A)(2). Coffman expressed a desire to transfer the matter to probate court. The State argued that invoking the jurisdiction of the probate court was improper given that Coffman was charged with a first-degree felony. After reiterating that the contents and findings of the report were not in dispute, the trial court provided the parties with an opportunity to file briefs in support of their respective positions.

{¶12} Both parties filed briefs on the issue of Coffman's confinement. While the State argued that the trial court was required to retain jurisdiction over the matter, it did not address whether there was clear and convincing evidence that Coffman committed the offense of aggravated robbery. In response, Coffman maintained that the probate court was best equipped to handle this matter. Coffman also underscored that the State had not addressed the issue of whether he committed the charged offense and further stressed that "there has been no determination by the Court finding that [he] committed the [charged offense]."

{¶13} On April 3, 2020, the trial court issued a journal entry indicating that it would retain jurisdiction over defendant for a period of 14 years. The trial court further ordered that Coffman would be placed at Northcoast as that was the least restrictive alternative available. The trial court made a number of findings in support of its decision, including that "[t]here is clear and convincing evidence that [Coffman] committed the offense(s) with which [he] is charged."

{¶14} Under these circumstances, we are compelled to sustain Coffman's second assignment of error. "A civil commitment for any purpose is a significant deprivation of liberty and due-process protections must be afforded to a person facing involuntary commitment." *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, ¶ 54, citing *Addington v. Texas*, 441 U.S. 418, 425 (1979). There was no evidence presented at the December 30, 2019 hearing that would have allowed the trial court to form a basis for its conclusion that there was clear and convincing evidence that he committed the charged offense. While Coffman stipulated to the report submitted by Dr. Hatters-Freedman, he argued that the matter should be transferred to the probate court for further proceedings. He did not stipulate that there was clear and convincing evidence that he committed aggravated robbery as charged in the indictment. In Coffman's brief addressing the issue of his confinement, he reiterated that the State had not established by clear and convincing evidence that he had committed the charged offense. Accordingly, the trial court's conclusion to that end in its April 3, 2020 journal entry violated Coffman's due process rights as he was entitled to a hearing on that issue pursuant to R.C. 2945.39(A)(2)(a).

{¶15} The second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING UNDER R.C. 2945.39(A)(2)(B), THAT DEFENDANT WAS A MENTALLY ILL PERSON SUBJECT TO COURT ORDER OR A PERSON WITH AN INTELLECTUAL DISABILITY SUBJECT TO INSTITUTIONALIZATION BY COURT ORDER.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING UNDER R.C. 2945.39(A)(2)(A) THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT COMMITTED THE OFFENSES WITH WHICH HE WAS CHARGED WHEN IT DETERMINED THAT IT WOULD MAINTAIN JURISDICTION OVER THE DEFENDANT

AFTER HE WAS FOUND INCOMPETENT TO STAND TRIAL, AND UNRESTORABLE WITHIN THE TIME ALLOTTED BY LAW.

{¶16} In his first assignment of error, Coffman contends that the trial court erred when it concluded that he was either a mentally ill person subject to hospitalization by court order or a person with an intellectual disability subject to institutionalization by court order pursuant to R.C. 2945.39(A)(2)(b). In his third assignment of error, Coffman maintains that there was no evidentiary basis to support the trial court's finding that there was clear and convincing evidence that he committed the charged offense. In light of this Court's resolution of Coffman's second assignment of error wherein we concluded that this matter must be remanded for a hearing pursuant to R.C. 2945.39(A)(2), we decline to address Coffman's first and third assignments of error as they have been rendered moot. *See* App.R. 12(A)(1)(c).

## III.

{¶17} Coffman's second assignment of error is sustained. This Court declines to address Coffman's first and third assignments of error as they have been rendered moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.